THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Illia Dimitrov Popov, by and through his assignees, Sara M. Delgado, Personal Representative of the Estates of Elizabeth Gause and Rodney Lumsford Gause, Patrick Rein as Guardian *ad litem* for I.R.G.R. and Peggy Lowman Gause, | ) ) ) ) ) ) ) ) ) | C/A No.: 2:20-cv-00739-RMG |
| Plaintiffs, | ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| QBE Insurance Corporation, | ) ) ) | |
| Defendant. | ) ) | |

Before the Court are two motions: (1) Defendant's motion for judgment on the pleadings (Dkt. No. 59) and (2) Plaintiffs' partial motion for summary judgment. (Dkt. No.63). For the reasons stated below, Defendant's motion for judgment on the pleadings is denied and Plaintiffs' partial motion for summary judgment is granted in part, denied in part.

I.   **Background**

Plaintiffs in this action are proceeding as the assignees of Illia Dimitrov Popov ("the Insured") and bring a bad faith claim and breach of contract claim against Defendant QBE Insurance Corporation ("QBE"). (Dkt. No. 1). Plaintiffs are Sara M. Delgado as the Personal Representative of the Estates of Elizabeth Gause and Rodney Lumsford Gause; and Patrick Rein as the Guardian *ad litem* for I.R.G.R. and Peggy Lowman Gause. ("Judgment Holders").

A.   Underlying Action

1

QBE issued an automobile insurance liability policy to the Insured that had bodily injury limits of $100,000 per accident. (Dkt. No. 22 at ¶¶ 8-11). On May 6, 2011 the Insured was involved in an accident with two other separate vehicles. One vehicle contained I.R.G.R., Peggy Lowman Gause, Elizabeth Gause, and Rodney Lumsford Gause. (*Id.* at ¶¶ 12-15); (Dkt. No. 27 at ¶ 59). Elizabeth Gause and Rodney Lumsford Gause sustained fatal injuries from the accident and I.R.G.R. and Peggy Lowman Gause sustained severe injuries. (Dkt. No. 22 at ¶ 14); (Dkt. No. 27 at ¶ 59). The other vehicle involved in the accident contained Virgenes Diaz and Iraida Velazquez. (Dkt. Nos. 63-7; 27 at ¶ 59).

QBE tendered the policy limits to Judgment Holders and withdrew the tender of coverage on June 7, 2011 out of concern for additional claims related to the accident (Velazquez and Diaz). (Dkt. No. 63-4). QBE sent letters to Velazquez and Diaz along with their counsel, seeking information about their claims related to the accident. (Dkt. No. 63-5; 63-11; 63-12). On November 14, 2011, Judgment Holders commenced a lawsuit against the Insured in the Court of Common Pleas for Charleston County ("Underlying Tort Action").[1] (Dkt. No. 22 at ¶ 28); (Dkt. No. 27 at ¶ 49). QBE hired counsel to provide a defense to the Insured in the underlying tort action. (Dkt. No. 22 at ¶ 30).

On March 16, 2012, Judgment Holders made a time-limited demand to settle their claims against the Insured for the full policy limits that did not include Velazquez and Diaz. (Dkt. No. 63-9).

**B. Interpleader Action**

---

[1] *Delgado v. Popov*, 11-CP-10-8448 and subsequently renumbered as 14-CP-10-07742.

On March 23, 2012, QBE filed an interpleader action ("Interpleader Action") in this Court naming all six claimants as defendants.[2] (Dkt. No. 77-17). On September 4, 2012, the Court entered an Order ("Interpleader Order") permitting QBE to deposit the policy limits to the Court Registry. (Dkt. No. 77-1). The Interpleader Order discharged QBE "from all liability arising out of [the] interpleader action . . . . [d]ismissal from this action will not, however, immunize, QBE from potential liability on claims independent from the policy at issue." (*Id.* at 1-2). Further, the Court enjoined defendants to the Interpleader Action (the Judgment Holders, Velazquez, and Diaz) from "initiating or pursuing any proceeding in this or any other court of law or equity against QBE pursuant to the policy held by QBE's insured, Ilia Popov." (*Id.* at 2 ¶ 6). On October 29, 2013, the Court entered an Order that dispersed the policy limits to the Judgment Holders. (Dkt. No. 77-26).

### C. Judgment and Supplemental Proceedings

The Judgment Holders proceeded to a bench trial to pursue liability claims against the Insured in state court. The Insured did not appear for the trial. On August 16, 2018, a judgment was entered against the Insured for over ten million dollars. (Dkt. No. 77-27; 77-28). The Judgment Holders initiated Supplemental Proceedings against the Insured in state court ("Supplemental Proceedings"). On October 25, 2019, the state court entered an order that assigned to Judgment Holders, "all contract and tort claims [the Insured] has or may have against QBE." (Dkt. No. 77-29).

### D. Instant Action

---

[2] *QBE Insurance Corporation v. Sara M. Delgado, as Personal Representative of the Estates of Elizabeth Lois Gause and Rodney Lumsford Gause; Patrick Rein, as Guardian ad Litem for IRG-R; Peggy Lowman Gause, Iraida Velazquez, Virgenes Diaz*, 2:12-cv-847-RMG (D.S.C.).

On October 15, 2020, Judgment Holders, as assignees of the Insured (Ilia Dimitrov Popov), initiated the instant action. (Dkt. Nos. 1, 22). Judgment Holders allege QBE breached the insurance contract by failing to settle Judgment Holders' claims against the Insured, failing to adequately communicate settlement offers with the Insured, and by failing to indemnify the Insured. (Dkt. No. 22 at ¶ 51). Judgment Holders' bad faith claim alleges QBE negligently, recklessly, willfully, and wantonly breached the duty of good faith in various ways, such as placing its own interest ahead of the Insured; unreasonably refusing to settle within policy limits; and failing to advise the Insured adequately regarding opportunities to settle. (Dkt. No. 22 at ¶ 58).

QBE filed an Amended Answer and Counterclaim on November 12, 2020. (Dkt. No. 27). QBE asserts various affirmative defenses such as Judgment Holders are estopped from bringing the current action because they were previously enjoined by this Court (*Id.* at ¶ 27) and QBE has no duty to indemnify the Insured because policy limits have been exhausted (*Id.* at ¶ 43). QBE alleges all six claimants asserted claims under the policy and QBE filed the Interpleader Action when Judgment Holders issued a time-limited demand for policy limits that excluded two claimants, Velazquez and Diaz. (*Id.* at ¶¶ 60, 61, 66). QBE alleges that as directed by the Interpleader Order it paid the policy limits of $100,000 into the Court's registry. (*Id.* at ¶ 67). QBE's counterclaims seek: (1) declaratory judgment adjudicating the parties' rights and liabilities under the policy with respect to claims asserted by Judgment Holders; (2) declaration QBE has no duty to further indemnify judgments under the policy in excess of the $100,000 paid by QBE; (3) declaration QBE had no duty to settle or respond to Judgment Holders' time-limited demand which would have exposed the Insured to additional liability when QBE filed interpleader. (*Id.* at ¶¶ 67-88).

On July 8, 2021, QBE filed a motion for judgment on the pleadings. (Dkt. No. 59). Judgment Holders filed a partial motion for summary judgment in response. (Dkt. Nos. 63, 64). QBE filed a response in opposition to Judgment Holders' partial motion for summary judgment. (Dkt. No. 77). Both motions are fully briefed and ripe for the Court's adjudication. (Dkt. Nos. 70, 80).

## II.     Legal Standard

### A.  Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech*., LLC, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) *quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (citations omitted).

Rule 12(c) motions limit the court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis*, 2013 WL 4585873, at * 1 (citation omitted). *See also Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12(c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (citation omitted).

### B.  Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, the Court should grant summary judgment "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment bears the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in its pleadings. *See id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**III.    Discussion**

**A.  Motion for Judgment on the Pleadings (Dkt. No. 59)**

After careful consideration of the pleadings and the parties' respective briefings, the Court denies QBE's motion for judgment on the pleadings. (Dkt. No. 59). QBE's motion relies on the enjoining language contained in the Court's Interpleader Order. The Interpleader Order states that defendants to the Interpleader Action (Judgment Holders, Velazquez, and Diaz) are precluded from "initiating or pursuing any proceeding in this or any other court of law or equity against QBE pursuant to the policy held by QBE's insured, Ilia Popov." (Dkt. No. 77-1 at 2 ¶ 6). QBE argues

the Court's Interpleader Order precludes Judgment Holders from bringing the instant bad faith/breach of contract claims because these claims are brought "pursuant to the policy" held by the Insured and are barred by the Interpleader Order.

Upon a review of the Interpleader Order, the Court finds that it does not preclude the instant action. The Interpleader Order dismissed QBE with prejudice from the Interpleader Action and authorized QBE to disperse the $100,000 policy liability limits with the clerk of court. The Interpleader Order also enjoined Interpleader Defendants (Judgment Holders, Velazquez, and Diaz) from initiating an action against QBE. Notably, the Insured is not a party in the Interpleader Action). "A litigant is not bound by a judgment to which she was not a party." *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 314-315 (2011) (citing *Taylor v. Sturgell*). Thus, the Interpleader Order does not enjoin the Insured from pursuing claims against QBE for its alleged bad faith failure to settle within the policy limits. Judgment Holders are proceeding in this action as the assignees of the Insured. Neither party has contested the validity of the assignment and the Interpleader Order does not contain any language precluding suits against QBE based on an assignment of rights. In addition, there are issues of material fact as to the merits of Judgment Holders' claims against QBE, which the Court will address more fully on the partial motion for summary judgment.

QBE's motion for judgment on the pleadings is denied.

### B. Partial Motion for Summary Judgment (Dkt. No. 63)

Judgment Holders filed a partial motion for summary judgment, seeking to dismiss QBE's defenses, affirmative defenses, and counterclaims that allege "this action is barred because of the [Interpleader Order]" (Dkt. No. 80 at 2) and allege QBE's payment of policy limits insulates QBE from liability to the Insured. (Dkt. No. 63-1 at 7-14). Specifically, Judgment Holders seek to

dismiss the following allegations contained in QBE's Answer and Counterclaim: ¶¶ 2, 4, 18, 20, 28, 52, 65-67, 78. (Dkt. No. 63-1 at 6-7). A court may dispose of affirmative defenses by summary judgment. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996).

The Court denied QBE's motion for judgment on the pleadings and found the Interpleader Order does not operate as a bar to the present action because the Insured is not bound by the Interpleader Order and Judgment Holders are now proceeding as the assignees of the Insured's claims against QBE. The Court narrowly grants Judgment Holders' partial motion for summary judgment solely as to QBE's allegation in the Answer Dkt. No. 27 at ¶ 2 that the Interpleader Order bars or precludes Judgment Holders from bringing the present action.

As to QBE 'as allegations contained in the Answer and Counterclaim ¶¶ 4, 18, 52, 65, 66, Judgment Holders' motion fails to set forth specific arguments explaining why these allegations fail on summary judgment and why no issues of material fact exist as to these allegations. [3] (Dkt.

---

[3] Third Defense (The Insurance Policy)-¶ 4 "QBE admits the allegations of Paragraphs 8, 9, 10, and 11 of plaintiff's Complaint. QBE would show that this Honorable Court Ordered that no further action could be taken on the insurance policy which is at issue in this matter."

Fifth Defense (The Claims and the Lawsuit)- ¶ 18 "QBE denies the allegations set forth in Paragraphs 34, 35, 36, 37, 38, 39, 40 and 41. QBE admits that as part of the interpleader, it paid money into the court and received an Order dismissing claims against it all as is set forth more fully in the Order and binding on the parties to this action."

¶ 20 "QBE, responding to the allegations of Paragraph 43, denies any improper inference and would show that is has not made payment of any amount beyond the stated policy limit as required by the Interpleader Order of this Honorable Court."

Jurisdiction and Venue- ¶ 52 "The Court also has subject matter jurisdiction under 28 U.S.C. § 1331 as the counterclaims arise under the Constitution or laws of the United States, including the Court's Order Permitting Plaintiff to Deposit Funds, Dismissing Plaintiffs with Prejudice (ECF No. 25) in the Interpleader Action filed on September 4, 2012 (the "Interpleader Order")

Factual Background- ¶ 65 "The Court issued the Interpleader Order discharging QBE of further obligations under the Policy."

No. 27 at ¶¶ 4, 18, 52, 65, 66). Thus, the Court denies the partial motion for summary judgment as to QBE's allegations contained in the Answer and Counterclaim Dkt. No. 27 at ¶¶ 4, 18, 52, 65, 66.

Next, Judgment Holders seek to dismiss QBE's allegations contained in the Answer and Counterclaim ¶¶ 28, 67, 78, on the ground QBE's payment of policy limits does not insulate it from liability to the Insured. (Dkt. No. 63-1 at 14).[4] Judgment Holders argue QBE's payment of liability limits could not constitute a full satisfaction of the Insured's claims because "for a defense of payment to constitute a bar to an action, it must be a payment in full and satisfaction of the claim." (Dkt. No. 63-1 at 14).

Upon a careful review of the record on partial summary judgment, the Court finds dismissing ¶¶ 28, 67, 78 is inappropriate because the question of whether QBE's payment of policy limits in the Interpleader Action insulates it from liability to the Insured is a question of fact tied to the merits of Judgment Holders' bad faith claim against QBE. The question of bad faith in South Carolina must be based on information known to the insurer at the time a decision is made. *McCray v. Allstate Ins. Co.*, 2017 WL 6731594 (Oct. 11, 2017) ("Whether an offer is reasonable

---

¶ 66 "The Court also "enjoined and restricted" plaintiffs and Florida claimants "from initiating or pursuing any proceeding in this or any other court of law or equity against QBE pursuant to the policy held by" the Insured."

[4] Fourth Affirmative Defense- ¶ 28 "Plaintiffs' claims are barred in whole, or in part, by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, release, consent, agreement, and payment because of, among other things, QBE's interpleader and payment of the policy's limits into the Court's Registry. QBE alleges and argues that it acted reasonably by filing the Interpleader Order."

Factual Background- ¶ 67 "As directed by the Interpleader Order, QBE paid the Policy's limits of $100,000 into the Court's Registry."

Second Cause of Action, Declaratory Judgment- Duty to Indemnify - ¶ 78 "QBE's payment of the Policy's limits into the Court's Registry fulfilled its duty to indemnify."

9

and made in good faith is generally based on what was known at the time the offer was made."). The mere filing of an interpleader complaint does not constitute bad faith or a breach of contract. Courts have been clear that where there is a reasonable ground for contesting a claim, and the court accepts the filing of the interpleader action, the insurer has not acted in bad faith by filing the interpleader claim. *State Farm Life Ins. Co. v. Murphy,* No. 2:15-cv-04793-DCN, 2017 WL 4551489 (D.S.C Oct. 12, 2017); *Auto-Owners Ins. Co. v. Bolden*, 9:16-cv-2961-DCN, 2017 WL 3923356, at * 2 (D.S.C. Sept. 7, 2017).

In this case, QBE maintains it acted reasonably by filing the Interpleader Action. It maintains it withdrew the offer to settle Judgment Holders' claims against the Insured due to the existence of additional claimants (Velazquez and Diaz). (Dkt. No. 63-4). QBE alleges all six claimants asserted claims under the policy and QBE filed the Interpleader Action when Judgment Holders issued a time-limited demand for policy limits that excluded two claimants, Velazquez and Diaz. (Dkt. No. 27 ¶¶ 60, 61, 66; Dkt. No. 63-5; Dkt. No. 63-7; Dkt. No. 77-15). QBE alleges that as directed by the Interpleader Order it paid the policy limits of $100,000 into the Court's registry. (Dkt. No. 27 at ¶ 67). Judgment Holders allege QBE failed to communicate settlement offers to the Insured, failed to obtain information related to Velazquez and Diaz' claims against the Insured, and waited ten months after it withdrew policy limits to file the Interpleader Action. (Dkt. No. 63-1 at 3-4; Dkt. No. 63-4; Dkt. No. 77-17). Thus, questions of material fact exist as to the merits of Judgment Holders claims against QBE. Judgment Holders' partial motion for summary judgment as to QBE's Answer and Counterclaim at ¶¶ 28, 67, 78 is denied. (Dkt. No. 27 at ¶¶ 28, 67, 78).

### IV. Conclusion

For the reasons stated above, Defendant QBE Insurance Corporation's motion for judgment on the pleadings is denied. (Dkt. No. 59). Plaintiffs' partial motion for summary judgment is **GRANTED IN PART, DENIED IN PART**. (Dkt. No. 63). The motion is

**GRANTED** as to QBE's Answer and Counterclaim at ¶ 2. (Dkt. No. 27 at ¶ 2). The motion is **DENIED** as to QBE's Answer and Counterclaim at ¶¶ 4, 18, 28, 52, 65, 66, 67, 78. (Dkt. No. 27 at ¶¶ 4, 18, 28, 52, 65, 66, 67, 78).

    **AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

October 27, 2021
Charleston, South Carolina